EDUARDO MARÍN MARIÉN, Plaintiff and Appellant, v. ALFONSO HERRERA, Defendant and Appellee.

No. 8622. Argued February 16, 1943.—Decided March 29, 1943.

*Luis Mercader* for appellant. *Eduardo Pérez Casalduc* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a suit for an injunction to abate a nuisance filed by Eduardo Marín in the District Court of Arecibo and decided against him on the pleadings.

Marín alleged in his complaint, summarizing, that he was the owner of a sixty-acre estate situated in Utuado, to the north of which a stream had its source and penetrated and ran along the estate until it reached the boundary line between it and another estate belonging to Juan Palop, where it continued to flow near plaintiff's estate; that defendant Herrera, since July 22, 1932, without his consent and without any authority whatsoever, had begun to erect a stone wall over the bed of the stream at the boundary line, which dammed its waters and caused them to overflow, resulting in damage to plaintiff's crops and rendering useless a nearby path belonging to a share tenant of his, the dammed waters being in addition a breeding ground for mosquitoes which transmitted diseases previously unknown there; that the structure constituted a nuisance to the free use and enjoyment of his property, which if allowed to continue would occasion him irreparable damages and would render necessary a multiplicity of suits.

Defendant demurred to the complaint and answered the same.

In his demurrer he alleged that the complaint did not state facts sufficient to constitute a cause of action for an injunction, that the petitioner had an adequate remedy at law to claim the damages which he alleges he has suffered,

that he did not allege facts sufficient to show that he had suffered or was in danger of suffering irreparable damages, or that it appeared that money damages would not be sufficient, or that it was difficult to determine the amount of just compensation, or that a multiplicity of suits would arise if the writ were denied.

In his answer he denied that he had raised any wall whatsoever which produced the effects alleged in the complaint and he maintained that what he actually did was to fill with stones a hole existing in the public road which runs through there and which leads to an estate which belongs to him, in order to be able to transport the fruits of the same.

The court sustained the demurrer and overruled the motion for reconsideration filed by the plaintiff, rendering judgment dismissing the complaint "without prejudice to plaintiff filing an ordinary action and establishing his right before the court," with costs.

Feeling aggrieved by the judgment, plaintiff filed the present appeal, which in our opinion should be sustained.

 The trial court stated that in order to grant the injunction prayed for, it would have to assume the existence "of a water servitude in favor of plaintiff's lot." We fail to see the reason for this conclusion.

After this the lower court states in its order that at the trial plaintiff stated that his action was based on §277 of the Code of Civil Procedure, and adds: "That section is independent from the ground provided in the law for the issuance of writs of injunction and it allows the bringing of an action against nuisances, waste, and voluntary violation of the right of property in certain cases. In such an action we agree that an order for an injunction may be issued as an auxiliary remedy while the suit is decided. But the action must be directed at the obtaining of a judgment ordering the abatement of the nuisance as well as the payment of damages, as is provided by the cited section."

The complaint was denominated one "for injunction." We have. summarized its allegations. The prayer, literally transcribed, reads as follows:

"Wherefore, it is prayed that the court, after a hearing on the merits, held on the earliest available date, grant an injunction ordering defendant to discontinue and destroy the structure stated above, allowing the water of the stream to run freely, granting any other remedy which it may deem just, and adjudging defendant to pay costs as well as $300 for attorney's fees."

Section 277 of the Code of Civil Procedure, invoked by plaintiff in support of his action, provides:

"Anything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the conformable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

And paragraph 1 of §677 of the same Code, provides that an injunction may be granted—

"When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually."

We believe that if the facts pleaded and the law cited are taken into consideration, it can be easily concluded that what plaintiff really did, in spite of the fact that he entitled his complaint "for injunction," was to exercise a right accorded every citizen by §277 of the Code of Civil Procedure, in the manner authorized by §677 of the same Code.

According to the facts pleaded in the complaint, which must be taken as true for the purposes of the demurrer, defendant, without plaintiff's consent and without any authority whatsoever, erected a stone wall which pre-

vented the normal flow of the stream that ran on plaintiff's estate, as a result of which its waters were dammed and they overflowed, causing damage to plaintiff's crops, destroying a path belonging to a share tenant of his and forming a breeding ground for mosquitoes which transmitted diseases previously unknown there.

These facts are sufficient in our judgment to show the existence of one of the nuisances which the Legislature had in mind. And what plaintiff asked was that the court order the abatement of the same by means of an injunction, which is a writ issued when the petitioner has the right to prevent the commission or continuance of the act complained of, either for a limited period or perpetually, as is the case here.

■ It is true that the complaint is ambiguous—it does not clearly state the exact place where the wall is situated— and that its title could and should be more explicit, but such defects could have been corrected by amendment and the lower court did not even grant that right to plaintiff upon sustaining the demurrer. To reserve for him the right to file another suit is quite different from allowing him to amend the complaint in the suit already filed.

■ In his brief the appellee holds that this being in any case a public nuisance, as plaintiff himself alleged in the district court in his motion for reconsideration, the injunction could never have issued because the complaint did not contain an allegation of special damages suffered by plaintiff, and he cites in support thereof the decision of this court in *Estela* v. *Mercado e Hijos,* 44 P.R.R. 542.

The opinion in that case was delivered by Mr. Justice Córdova Dávila. In it, it is stated, in part, as follows:

"Section 277 of the Code of Civil Procedure, which describes what constitutes a nuisance, authorizes any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, to bring an action for its abatement. Section 12 of our Injunction Act reads as follows: 'An injunction may be granted upon the petition of the People of Puerto Rico, to enjoin and suppress

the keeping and maintenance of a common nuisance. The petition shall be verified by the *fiscal* of the district in which the common nuisance exists, or by the Attorney General, upon information and belief, and no bond shall be required.'

"The action brought in this case, for the purpose of abating an allegedly public nuisance, partakes of the nature of a mandatory injunction. In 1905, section 731 of the Code of Civil Procedure of the State of California, which is very similar to section 12 of our Injunction Act. . . .

" * * * * * * *

". . . The following paragraph which we have taken from volume 20 of California Jurisprudence, page 272, clearly expresses the doctrine prevailing in said State, where the existing legal provisions are identical with those in force in Puerto Rico:

" 'The injury which results from a public nuisance may be redressed, as a general, rule, only at the suit of the people. "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." This language of the code expresses a fundamental and universal rule, and the authority in support of it is uniform. The rule applies alike to suits in equity to abate or enjoin nuisances, and to actions at law for damages. In order that the action may be maintained, the special damage to the plaintiff must be the proximate result of the unlawful conduct or condition. The amendment of 1905 to section 731 of the Code of Civil Procedure, by which district and city attorneys are empowered of their own motion to institute actions to abate public nuisances, and are compelled to do so on direction of local legislative authorities, did not affect the right previously given by the section to private persons to sue for the abatement of nuisances which occasion them special injury. . . .' "

Therefore, the decision cited by the appellee is not adverse to appellant's contention. On the contrary, it favors it. The requirement—special damages to the person who seeks the abatement of the nuisance—which appellant insists was not pleaded in the complaint, arises, in our judgment, from its allegations—damage to his crops, destruction of a path belonging to a sharecropper of his, sickness of those persons who live and work on the estate, each one of these conditions being perpetual while the nuisance exists. See in

addition the decisions of this court in *Coll* v. *Biascoechea,* 52 P.R.R. 729; *Cía. Popular de Transporte* v. *Suárez,* 52 P.R.R. 240; and *Capella* v. *Carreras,* 57 P.R.R. 250.

The judgment appealed from should be reversed and the case remanded for further proceedings not inconsistent with this opinion.